OVERMYER CO v B & O Rd Co

Ohio Appeals, 6th Dist. Lucas Co

No 2188. Decided Apr 1, 1929

Wm H McLellan, Jr, and Cotter & McFellin, of Toledo, for Overmyer Co.

Tyler, McMahon, Smith & Wilson, Toledo, for Rd Co.

## STATEMENT OF FACTS

The only error complained of is that the trial court directed a verdict for the defendant without warrant of law. It appears that Hirsch Bros. & Co. delivered to the defendant railroad company at Louisville for shipment to the plaintiff at Toledo a less than carload shipment of salad dressing, sauces and vinegar. The railroad company transported the cargo from Louisville to Toledo in a box car and the salad dressing and thirty cases of relish were frozen and thereby rendered valueless. The goods were transported without delay and the only claimed ground of negligence is that the railroad company permitted them to freeze. It is stipulated in the agreed statement of facts that the carrier at the time the shipment was tendered to it for transportation, February 5, 1926, had on file with the Interstate Commerce Commission tariffs regulating its rates of charges and other tariffs setting up rules and regulations covering the transportation of various commodities, and that, as it was an interstate shipment, the rules, regulations and tariffs filed with the Interstate Commerce Commission would govern the shipment involved.

It is very evident from a reading of the rules of classifications and the tariffs that they did not require the defendant railroad company to heat the box car nor to furnish a refrigerator car where it had not been requested. In fact, such rules are binding, and to furnish a refrigerator car without extra charge or heat the car, where neither regulations nor tariffs provide for it, would be discriminatory and illegal.

**Carlin Co. vs. Hines, 107 Ohio St., 328.**

Where an interstate shipment of perishable goods is handled and transported by the carrier in the manner and by the means prescribed in lawful and binding tariff and classification regulations relating to refrigerator car and box car service, which regulations do not require the heating of car nor the furnishing of a refrigerator car without reasonable notice, the carrier is not liable for damages to goods by freezing resulting solely from failure to heat car nor for those resulting solely from failure to furnish refrigerator car, where refrigerator car is not requested and reasonable notice given as required by such regulations. **Blodgett Co. vs. Railroad Co., 159 N. E., 45; 55 A. L. R., 900, 905, 906.**

In the instant case there was no negligent delay in transporting the shipment, nor evidence of other negligence. The court therefore properly directed a verdict and the judgment will be affirmed.

Lloyd and Richards, JJ, concur.